**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

ROBERT LYNCH,                                          :
                                                                        :
                                        Plaintiff,           :        Case No. 23-cv-4800 (NRM) (LKE)
                                                                        :
                        - against -                          :
                                                                        :
ROMAN CATHOLIC DIOCESE OF                  :
BROOKLYN, ST. RAPHAEL CATHOLIC         :
PARISH, GOOD SHEPHERD PARISH, and      :
FATHER JAMES K. CUNNINGHAM,             :
                                                                        :
                                        Defendants.        :
                                                                        :
-------------------------------------------------------------X


**THE PARISH DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION TO DISMISS THE AMENDED COMPLAINT**


SCAHILL LAW GROUP P.C.
Francis J. Scahill (FJS-9392)
James G. Flynn (JGF-5929)
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200

*Attorneys for Defendants*
*St. Raphael's Roman Catholic Church*
*s/h/a St. Raphael Catholic Parish and*
*The Roman Catholic Church of the*
*Good Shepherd, in Brooklyn*
*s/h/a Good Shepherd Parish*


Date Served: February 3, 2025

# Table of Contents

Preliminary Statement ................................................................................. 1

Statement of Facts ..................................................................................... 3

Procedural Background ............................................................................... 5

Argument:     The Amended Complaint Fails to
              Plausibly Plead Claims Against the Parishes. ........................... 5

I.      Applicable Standards Under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1332. ....... 5

II.     Each Cause of Action in the Amended Complaint Must Be Dismissed. ............... 6

     A.     The Amended Complaint Fails To State a Claim for Negligence. ........... 6

     B.     The Amended Complaint Fails to Plead
            A Plausible, Non-Conclusory Basis for
            Negligent Hiring, Retention and Supervision by the Parishes. .................. 9

     C.     The Amended Complaint Fails to Plausibly Plead
            A Claim for Gross Negligence. .............................................. 10

     D.     The Intentional Infliction of Emotional Distress Claim is
            Time-Barred and Not Resuscitated By The Adult Survivors Act. .......... 11

     E.     The Amended Complaint Fails To Plead Particularized Facts
            Establishing The Existence of A Fiduciary Duty Owed to Plaintiff. ....... 14

Conclusion     ................................................................................. 17

**Cases**                                                                                    **Page**

*A.M. v. Holy Resurrection Greek Orthodox Church of Brookville*,
   190 A.D.3d 470 (1st Dept. 2021)
   *leave to appeal dismissed*, 37 N.Y.3d 1100 (2021) ................................................. 8

*Ahluwalia v. St. George's Univ., LLC*,
   63 F. Supp. 3d 251 (E.D.N.Y. 2014),
   *aff'd*, 626 F. App'x 297 (2d Cir. 2015) ......................................................... 9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 5, 6

*Attallah v. Milbank, Tweed, Hadley & McCloy, LLP*,
   168 A.D.3d 1026 (2d Dept. 2019) ..................................................... 16

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................ 5

*Bellissimo v. Mitchell*,
   122 A.D.3d 560 (2d Dep't 2014) ......................................................... 12

*Bender v. City of New York*,
   78 F.3d 787 (2d Cir. 1996) ................................................................ 11

*Benjamin v. Yeroushalmi*,
   178 A.D.3d 650 (2d Dept. 2019) .................................................... 14-15

*Blanco v. Success Acad. Charter Sch., Inc.*,
   722 F. Supp. 3d 187 (S.D.N.Y. 2024) .......................................... 11, 13

*Chen v. Cai*,
   No. 19-CV-05387 (PMH),
   2022 WL 917575 (S.D.N.Y. Mar. 28, 2022) ..................................... 5-6

*Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd.*,
   81 N.Y.2d 821 (1993) ....................................................................... 11

*Conboy v. AT&T Corp.*,
   241 F.3d 242 (2d Cir. 2001) ............................................................. 11

*Cort v. Marshall's Dep't Store*,
   No. 14-CV-7385, 2015 WL 9582426 (E.D.N.Y. Dec. 29, 2015) .................. 9, 10

*Daniels v. Am. Airlines*,
    No. 19-CV-03110 (MKB),
    2020 WL 9816000 (E.D.N.Y. Sept. 4, 2020) ...................................................... 16

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014) ............................................................. 9, 10

*Doe v. Holy See (State of Vatican City)*,
    17 A.D.3d 799 (3d Dept. 2005) .......................................................................... 15

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004) .......................................................................... 9, 10

*Homere v. Inc. Vill. of Hempstead*,
    322 F. Supp. 3d 353 (E.D.N.Y. 2018) ................................................................ 14

*Howell v. N.Y. Post Co.*,
    81 N.Y.2d 115 (1993) ........................................................................................ 11

*J. D. v. Roman Cath. Diocese of Brooklyn*,
    203 A.D.3d 880 (2d Dept. 2022) ........................................................................ 16

*J.S.M. v. City of Albany Dep't of Gen'l Servs.*,
    83 Misc.3d 1082 (Sup. Ct. Albany Co. 2024) ................................................... 12

*Judith M. v. Sisters of Charity Hosp.*,
    93 N.Y.2d 932 (1999) ....................................................................................... 7, 8

*Kenneth R. v. Roman Cath. Diocese of Brooklyn*,
    229 A.D.2d 159 (2d Dept. 1997) .................................................................... 9, 10

*Krys v. Pigott*,
    749 F.3d 117 (2d Cir. 2014) .............................................................................. 14

*Lankau v. Luxoft Holding, Inc.*,
    266 F. Supp. 3d 666 (S.D.N.Y. 2017) ................................................................. 6

*Levin v. Sarah Lawrence College*,
    -- F. Supp. 3d --, 2024 WL 4026966 (S.D.N.Y. Sept. 3, 2024) ................... 12, 13

*Litvinoff v. Wright*,
    150 A.D.3d 714 (2d Dept. 2017) .................................................................. 14, 15

*Lynch v. Nat'l Prescription Adm'rs, Inc.*,
    795 F. App'x 68 (2d Cir. 2020) ......................................................................... 14

*Martin v. Citibank, N.A.*,
    762 F.2d 212 (2d Cir. 1985) ........................................................... 11, 14

*Montalvo v. Episcopal Health Servs., Inc.*,
    172 A.D.3d 1357 (2d Dept. 2019) ...................................................... 7, 8

*Norris v. Innovative Health Sys., Inc.*,
    184 A.D.3d 471 (1st Dept. 2020) ...................................................... 9, 10

*Pasternack v. Lab'y Corp. of Am.*,
    892 F. Supp. 2d 540 (S.D.N.Y. 2012) ................................................. 10

*PC-41 Doe v. Poly Prep Country Day Sch.*,
    No. 20CV03628DGSJB,
    2021 WL 4310891 (E.D.N.Y. Sept. 22, 2021) .................................... 10

*Rather v. CBS Corp.*,
    68 A.D.3d 49 (1st Dept. 2009) ........................................................... 15

*Read v. Corning Inc.*,
    371 F. Supp. 3d 92 (W.D.N.Y. 2019) ................................................... 6

*Reid v. McKelvey*,
    No. 22-CV-10708 (JGLC) (OTW),
    2024 WL 4345585 (S.D.N.Y. Sept. 30, 2024) .................................... 13

*Richardson v. City of New York*,
    326 F. App'x 580 (2d Cir. 2009) ......................................................... 7

*Romero v. City of New York*,
    839 F. Supp. 2d 588 (E.D.N.Y. 2012) ............................................... 7-8

*Ross v. Mitsui Fudosan*,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ..................................................... 7, 8

*Sommer v. Federal Signal Corp.*,
    79 N.Y.2d 540 (1992) ........................................................................ 10

*Steven B. v. Westchester Day School*,
    196 A.D.3d 624 (2d Dept. 2021) ......................................................... 8

*Thomas v. Morley*,
    No. 20-cv-7520,
    2022 WL 394384 (S.D.N.Y. Feb. 9, 2022) ........................................... 6

*Turley v. ISG Lackawanna, Inc.*,
  774 F.3d 140 (2d Cir. 2014) ........................................ 11, 13

*Yukos Capital S.A.R.L. v. Feldman*,
  977 F.3d 216 (2d Cir. 2020) ............................................. 14

**Statutes and Rules**

CPLR 214-j ................................................................. 1, 12

CPLR 3016(b) ................................................................. 14

Fed. R. Civ. P. 9(b) ..................................................... 1, 3, 15

Fed. R. Civ. P. 12(b)(6) ...................................................... 1

**f**

## Preliminary Statement

Defendants, St. Raphael's Roman Catholic Church s/h/a St. Raphael Catholic Parish ("St. Raphael") and the Roman Catholic Church of the Good Shepherd, in Brooklyn s/h/a Good Shepherd Parish ("Good Shepherd Parish") (together, the "Parishes"), respectfully move to dismiss the Amended Complaint (the "Amended Complaint"), ECF No. 41, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). As demonstrated herein, the facts alleged in the Amended Complaint are insufficient to state any cause of action for which relief can be granted against the defendant Parishes.

At issue on this motion is whether the Parishes can be held liable under New York's Adult Survivor Act, CPLR 214-j (the "ASA"), for the alleged sexual abuse of plaintiff by a priest who was assigned to Good Shepherd Parish, Fr. James Cunningham. As demonstrated herein, the Amended Complaint fails to plausibly allege how either of the Parishes had prior notice of Fr. Cunningham's propensity to commit sexual misconduct (or any misconduct, for that matter).

In particular, the Amended Complaint alleges that Fr. Cunningham sexually assaulted plaintiff, then 20 years old, on a single occasion, in Fr. Cunningham's room at the Good Shepherd rectory in Brooklyn. The Amended Complaint does not allege facts that plausibly support the assertion that Fr. Cunningham committed *any* prior misconduct. Nor does the Amended Complaint never alleges that plaintiff was ever a member of Good Shepherd Parish.

Here, in addition to the first three causes of action for battery, assault, and false imprisonment (Counts I-III) directed at Fr. Cunningham, the Amended Complaint alleges six causes of action against the Diocese and the Parishes: (i) negligence (Count IV); (ii) negligent hiring, retention and supervision (Count V); (iii) gross negligence (Count VI); (iv) intentional infliction of emotional distress ("IIED") (Count VII); (v) negligent infliction of emotional distress

("NIED") (Count VIII); and (vi) breach of fiduciary duty (Count IX). As demonstrated herein, each of these six causes of action fail to plausibly state a claim for which relief may be granted.

First, the claim in negligence (Count IV) contains a hodgepodge of legal theories against the Parishes, each without merit. For example, Count IV asserts liability based on *respondeat superior*, asserting that Fr. Cunningham was acting "within the course and scope of his delated duties" at the time he abused plaintiff. ¶ 127. New York law, however, is unflinching on this point: sexual abuse is always a departure from, and outside the scope of, any employment. Count IV also contains negligence allegations predicated on a premises liability theory. ¶¶ 118-21. This theory fails because the Amended Complaint fails to plausibly allege that Good Shepherd Parish, the owner of the "premises" where the alleged abuse took place, had prior notice of any dangerous condition on its property based on Fr. Cunningham's propensity to commit sexual abuse. *See* Point II-B below.

Next, Count V's claim for negligent hiring, retention and supervision must be dismissed for the same reason, namely, failure to plausibly allege facts that would support an inference of prior notice of Fr. Cunningham's propensity to commit sexual misconduct. The Amended Complaint does not identify a single prior complaint against, or acts of impropriety committed by Fr. Cunningham which would have put any defendant on notice of his alleged propensities. *See* Point II-B below.

Third, the claim for gross negligence fails, not only because the underlying negligence claim fails, but also because it fails to plausibly allege any willful or reckless conduct committed by either Parish resulting in the alleged injury. *See* Point II-C below.

Next, Counts VII and VIII assert claims for IIED and NIED, which are based not on any conduct constituting criminal conduct as defined in New York's Penal Law, but on "re-

victimization" via a "forced" meeting in February 1997, months after the abuse ended and after plaintiff had already reported the abuse, between plaintiff and Diocesan officials to discuss the abuse and to confront his alleged abusers, Fr. James Frost and Fr. Cunningham, in person. This type of claim is not countenanced under the ASA, which extended the statute of limitations for claims involving criminal behavior. As no criminal conduct occurred at this meeting, the ASA did not revive the statute of limitations for this untimely claim, and accordingly, the claim (Count VII) is time-barred. In addition, the bare-bones me-too nature of the NIED claim (Count VIII) must be barred as duplicative of the IIED claim. *See* Point II-D below.

Finally, the claim for breach of fiduciary duty (Count IX) is subject to the heightened particularity requirements of Federal Rule of Civil Procedure 9(b), but the Amended Complaint fails to particularize, as it must, how this fiduciary duty arose against the Parishes or how this duty was breached. Under New York law, no fiduciary arises simply because a plaintiff is a church member or participates in church activities, or based on plaintiff's employment. Indeed, the Amended Complaint does not even allege that plaintiff was a parishioner of Good Shepherd Parish, where the alleged misconduct occurred. As the breach-of-fiduciary duty claim merely duplicates the fatally flawed negligence-based claims – which also expressly claim negligence based on the unparticularized allegations of a "special relationship" and a "fiduciary relationship" between plaintiff and the Parishes, the breach of fiduciary duty claim must also be dismissed. *See* Point II-E below.

### Statement of Facts

Defendant, The Roman Catholic Diocese of Brooklyn, New York (the "Diocese"), is a religious corporation organized and doing business in Brooklyn, New York. Amended Complaint

at ¶ 31.[1]  The Amended Complaint alleges that Good Shepherd and St. Raphael are both "Not-for-Profit Organizations" organized under New York law.  ¶¶ 33-34.[2]  Although the Amended Complaint alleges that Fr. Cunningham was employed by both Good Shepherd Parish, ¶ 11, and the Diocese, ¶ 9, it does not allege that Fr. Cunningham was ever employed by St. Raphael Parish.

Plaintiff was a parishioner at St. Raphael Parish in Long Island City.  ¶ 37.  By the time plaintiff was in high school at Cathedral Preparatory Seminary, Fr. James Frost was assigned as pastor of St. Raphael.  ¶¶ 5, 7.  After plaintiff's father died, his high school waived plaintiff's tuition.  ¶ 3.  Plaintiff began to work part-time at the St. Raphel Parish rectory.  ¶ 5.  Plaintiff alleges that, starting in 1994, when plaintiff was 16 years old, Fr. Frost sexually abused him at St. Raphael's and continued to do so until after plaintiff turned 18 years old in 1996. ¶ 15.  Fr. Frost's abuse of plaintiff is not at issue in this action, and is the subject of two separate lawsuits, (i) in New York State Supreme Court as a minor under New York's Child Victim Act, Index No. 517922/2019 (Sup. Ct. Kings Co.); and (ii) in an ASA action in this District, Civ. Action No. 23-cv-8687 (NRM) (LKE) (E.D.N.Y.).

The Amended Complaint alleges that, later in 1996, plaintiff attended a college seminary and met Fr. Cunningham, who acted as a mentor to him.  ¶ 65.  At some point, plaintiff traveled to Good Shepherd Parish in Brooklyn, where Fr. Cunningham was employed and resided.  ¶¶ 11, 65.  Plaintiff alleges that on this one occasion, Fr. Cunningham led plaintiff to his room and there sexually assaulted plaintiff, ¶ 67, before plaintiff was able to wrestle and kick himself free.  ¶ 68.

---

[1]     References to enumerated paragraphs in the Amended Complaint are indicated herein as "¶ ____."

[2]     In fact, both Parishes are organized under New York's Religious Corporation Law.

Shortly thereafter, plaintiff reported Fr. Frost's and Fr. Cunningham's abuse to his former high school principal, who then apparently reported it to the Diocese. ¶ 70. In February 1997, the Diocese invited plaintiff to a meeting to discuss the allegations against the two priests. ¶ 72. There, the Diocese "confronted" plaintiff with Fr. Frost and Fr. Cunningham, and was asked to relate his version of events and hear his alleged abusers' denials. ¶ 73.

## Procedural Background

Plaintiff commenced this action by filing a Complaint in this Court on June 27, 2023. ECF No. 1. On April 15, 2024, the Court held an initial conference with the parties. *See* Apr. 15, 2024 minute order. On July 29, 2024, plaintiff filed the Amended Complaint. ECF No. 41. On December 4, 2024, the Court granted the Diocese and the Parishes permission to move to dismiss the Amended Complaint.

## Argument

**The Amended Complaint Fails to Plausibly Plead Claims Against the Parishes.**

**J.      Applicable Standards Under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1332.**

To survive a motion to dismiss, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To "state[] a plausible claim for relief," a plaintiff must allege facts sufficient to support more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Rather, a complaint must allege facts that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Similarly, "'where a defendant's knowledge ... is an element of a tort claim, a bare assertion that a defendant knew or should have known of that fact or circumstance is insufficient to state a claim.'" *Chen v. Cai*, No. 19-CV-05387 (PMH), 2022

WL 917575, at *6 (S.D.N.Y. Mar. 28, 2022) (citing *Read v. Corning Inc.*, 371 F. Supp. 3d 87, 92 (W.D.N.Y. 2019)).

The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. "[S]omething more than [] a statement of facts that merely creates a suspicion of a legally cognizable right of action" is required. *Lankau v. Luxoft Holding, Inc.*, 266 F. Supp. 3d 666, 673 (S.D.N.Y. 2017). Speculative, conclusory, or indefinite factual allegations are just as infirm as legal conclusions. *See, e.g.*, *Thomas v. Morley*, No. 20-cv-7520, 2022 WL 394384, at *15 (S.D.N.Y. Feb. 9, 2022) (allegation that plaintiff was "forced" to sign an agreement is insufficient where no facts were pled to support the conclusion of "forced").[3]

## II.     Each Cause of Action in the Amended Complaint Must Be Dismissed.

### B.     The Amended Complaint Fails To State a Claim for Negligence.

Count IV sets forth an array of liability theories against the Parishes based on Fr. Cunningham's conduct under the umbrella of "negligence," including: *respondeat superior*, ¶ 127; premises liability, ¶¶ 118-21; and breach of fiduciary duty, ¶¶ 116, 129. Each of these claims is subject to dismissal.

First, the Amended Complaint alleges that the Parishes are vicariously liable under a *respondeat superior* theory based on the conduct of Fr. Cunningham, who was acting "within the

---

[3]     New York substantive state law applies to diversity actions. *Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 134 (2d Cir. 2018) ("Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues."); *Ray v. Ray*, 22 F.4th 69, 72 (2d Cir. 2021) ("When sitting in diversity jurisdiction and determining New York state law claims, we must apply the law of New York ...."). Here, insofar as plaintiff invokes the diversity statute, 28 U.S.C. § 1332, ¶ 27, the Court must apply the substantive law of the State of New York to each of these claims.

course and scope of his delegated duties and authorities." ¶¶ 12. In New York, however, "[t]he doctrine of *respondeat superior* renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999) (citation omitted).

Under New York law, however, a sexual assault perpetrated by an employee is never in furtherance of an employer's business and is always a clear departure from the scope of employment. As the New York Court of Appeals explained in *Judith M.*, "[i]f … an employee 'for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable.'" *Id.* (citations omitted). *See also Richardson v. City of New York*, 326 F. App'x 580, 582 (2d Cir. 2009) ("Richardson's state-law claim for vicarious liability also fails: Waite's actions were not within the scope of her employment."); *Montalvo v. Episcopal Health Servs., Inc.*, 172 A.D.3d 1357, 1360 (2d Dept. 2019) ("Here, the evidence submitted by the defendants demonstrated that the doctor's alleged conduct [in committing sexual assault upon a patient] was not in furtherance of St. John's business and was a departure from the scope of his employment, having been committed for wholly personal motives.").

As the Federal District Court for the Southern District of New York observed, "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." *Ross v. Mitsui Fudosan*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998). *See also Romero v. City of New York*, 839 F. Supp. 2d 588, 630 (E.D.N.Y. 2012) ("Mr. Benavides' conduct

with respect to his illegal sexual relationship with Ms. Doe falls outside the scope of his NYCDOE employment and was clearly not in furtherance of his employer's interest.").

Accordingly, the negligence claim against the defendant Parishes, which is predicated on a *respondeat superior* theory, ¶ 127, must be dismissed because any sexual abuse committed by Fr. Cunningham necessarily represents a clear departure from, and falls outside the scope of his employment. *Judith M..*, 93 N.Y.2d at 933; *Montalvo*, 172 A.D.3d at 1360; *Ross*, 2 F. Supp. 2d at 531; *Romero*, 839 F. Supp. 2d at 630.

Similarly, to the extent the negligence claim relies upon a premises liability theory, that claim must also fail for failure to plead foreseeable harm. *See*, *e.g. A.M. v. Holy Resurrection Greek Orthodox Church of Brookville*, 190 A.D.3d 470, 471 (1st Dept. 2021), *leave to appeal dismissed*, 37 N.Y.3d 1100 (2021) ("Plaintiffs' negligent supervision, negligent failure to train, negligent failure to warn, and negligent *premises liability* claims fail insofar as there is *nothing in the record to indicate that the Church or Archdiocese defendants had any awareness of Kehagias's son's propensity for sexual violence*.") (emphasis added; citations omitted).

Further, the claim for negligence based on a premises liability theory is also duplicative of the negligence claims and, as such, must also be dismissed. *Steven B. v. Westchester Day School*, 196 A.D.3d 624, 624 (2d Dept. 2021) ("the court properly directed the dismissal of [the premises liability] action as duplicative since it arose from the same facts as the negligent supervision and negligent retention causes of action and does not allege distinct damages.") (citations omitted).

Finally, to the extent Count IV also alleges that the Parishes owed a fiduciary duty to plaintiff, *see* ¶ 116, those allegations must also be dismissed, as demonstrated in connection with the final cause of action for breach of fiduciary duty (Count IX) in Point II-E, *infra*.

**B.      The Amended Complaint Fails to Plead A Plausible, Non-Conclusory Basis for Negligent Hiring, Retention and Supervision by the Parishes.**

Count V asserts a cause of action for negligent hiring, retention, and supervision.  "[A] necessary element of [each of these] causes of action [for negligent hiring, negligent retention, and negligent supervision] is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury."  *Kenneth R. v. Roman Cath. Diocese of Brooklyn*, 229 A.D.2d 159, 161 (2d Dept. 1997).  *See also Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (finding that lower court appropriately dismissed negligent supervision claims where plaintiff failed to adduce evidence sufficient to show that defendants were aware of their employee's propensity to assault minors or otherwise to engage in sexual misconduct).

"A conclusory allegation is not enough to state a claim for negligent hiring, retention, supervision, or training."  *Cort v. Marshall's Dep't Store*, No. 14-CV-7385, 2015 WL 9582426, at *5, at *13 (E.D.N.Y. Dec. 29, 2015); *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 264 (E.D.N.Y. 2014) (allegations that employees "had the propensity to engage in illegal conduct" and that such conduct fell "outside the course and scope of their employment" failed to plausibly support "the threadbare allegation") (internal quotation marks omitted), *aff'd*, 626 F. App'x 297 (2d Cir. 2015) (summary order).

Moreover, the alleged prior notice must be specific "as to the sort of conduct which caused the injury."  *Norris v. Innovative Health Sys., Inc.*, 184 A.D.3d 471, 472-73 (1st Dept. 2020). "New York courts have held in employee sexual misconduct cases that an employer is only liable for negligent supervision or retention if it is aware of *specific* prior acts or allegations against the employee."  *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (emphasis added).  Further, "[t]he prior misconduct, moreover, must be of *the same kind* that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient."  *Id.* at 681 (emphasis added).

Thus, merely alleging a defendant's "knowledge of an alleged abuser's criminal history does not raise an issue of fact as to whether [defendant] knew or should have known of her propensity to commit sexual assault." *Norris*, 184 A.D.3d at 472-73.

The negligent hiring, retention and supervision claim here fails to plausibly allege how the Parishes knew or should have known of Fr. Cunningham's propensity for the conduct that caused the injury prior to the injury's occurrence. Conspicuously missing are any non-conclusory allegations of prior abuse or any misconduct by Fr. Cunningham. Consequently, these claims must be dismissed. *Ehrens*, 385 F.3d at 235; *Doe*, 12 F. Supp. 3d at 680, 681; *Kenneth R.*, 229 A.D.2d at 161; *Norris*, 184 A.D.3d at 472-73.

In sum, the Amended Complaint's failure to allege a non-conclusory or non-speculative basis for alleging notice of Fr. Cunningham's propensity to commit unlawful misconduct provides ample basis for dismissing the claim for negligent hiring, retention and supervision. *Ahluwalia, LLC*, 63 F. Supp. 3d at 264; *Cort*, 2015 WL 9582426, at *13.

### C. The Amended Complaint Fails to Plausibly Plead A Claim for Gross Negligence.

Count V asserts a claim for gross negligence against the Parishes and the Diocese. As a threshold issue, the gross negligence must be dismissed because the underlying negligence claim fails. "'Where a claim for ordinary negligence fails, a gross negligence claim necessarily fails.'" *PC-41 Doe v. Poly Prep Country Day Sch.,* No. 20CV03628DGSJB, 2021 WL 4310891, at *12 (E.D.N.Y. Sept. 22, 2021) (quoting *Pasternack v. Lab'y Corp. of Am.*, 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012)).

Furthermore, the Amended Complaint fails to identify any intentional or reckless actions on behalf of the Parishes *related to Fr. Cunningham*, as is required for a claim for gross negligence. "[G]ross negligence differs in kind, not only degree, from claims of ordinary negligence.

It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd*., 81 N.Y.2d 821, 823-24 (1993) (citing *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 554 (1992) (internal quotation marks omitted). Here, the Amended Complaint identifies no non-conclusory intentional or reckless behavior on behalf of either Parish in connection with the alleged abuse. Accordingly, the gross negligence claim (Count VI) must be dismissed.

### D. The Intentional Infliction of Emotional Distress Claim is Time-Barred and Not Resuscitated By The Adult Survivors Act.

Plaintiff predicates his IIED claim (Count VII) on his self-styled "re-victimization" when he was summoned claim to a meeting with Diocesan representatives in February 1997 after reporting the abuse of his former high school principal. ¶¶ 70-, 72-73. This claim is without merit.

Under New York law, an IIED claim requires the plaintiff to establish "four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. N.Y. Post Co*., 81 N.Y.2d 115, 122 (1993)). IIED is a "highly disfavored [tort] under New York law" and are frequently dismissed on pre-answer motion. *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 216 (S.D.N.Y. 2024) (quoting *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014)). "The conduct alleged must be 'so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (quoting *Martin v. Citibank, N.A*., 762 F.2d 212, 220 (2d Cir. 1985)). The "extreme and outrageous conduct" standard is "rigorous[] and difficult to satisfy." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (citation omitted")

Under these standards, plaintiff's IIED and NIED claims must be dismissed.

First, the "revictimization" claim is time-barred under the applicable one-year statute of limitations for intentional torts, and was not resuscitated by the ASA. *Bellissimo v. Mitchell*, 122 A.D.3d 560, 560-61 (2d Dep't 2014) (one-year statute of limitations begins to run on the date of injury). Rather, the ASA is limited to claims of *criminal* conduct defined under New York's Penal Law. No criminal conduct was implicated by the events of the February 1997 meeting and, thus, the suspension of statute of limitations allowed by the ASA does not apply.

The plain language of the ASA requires that the conduct "constitute[] a sexual offense as defined in" Article 130 of the Penal Law:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary[,] . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition *suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law* committed against such person who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired[,] . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

N.Y.C.P.L.R. § 214-j (emphasis added).

As a revival statute, the ASA must be "narrowly construed" according to "the language itself, giving effect to the plain meaning." *Levin v. Sarah Lawrence College*, -- F. Supp. 3d --, 2024 WL 4026966, at *9 (S.D.N.Y. Sept. 3, 2024) (citation omitted). Here, the plain meaning of the ASA limits the revivable causes of actions is to actions "constitut[ing] a sexual offense". *Id.* at *9. "The plaintiff must allege that conduct that would violate Article 130 'is the conduct that caused" the plaintiff's injury.'" *Id.* at *10 (citing *J.S.M. v. City of Albany Dep't of Gen'l Servs.*, 83 Misc.2d 1082, 1089 (Sup. Ct. Albany Co. 2024)). "In sum, Plaintiffs must allege injury from at least one predicate sex offense as the basis of each claim Plaintiffs attempt to revive pursuant to the ASA." 2024 WL 4026966, at *11. "A plaintiff cannot revive an expired claim by the artifice

of including in a complaint an allegation regarding a violation of Article 130, no matter how remote it is from the basis of liability it seeks to impose on the defendant." *Id.* at *10.

New York courts uphold the plain reading of the ASA, affirming that the "conduct" in question must itself be a "sexual offense." *Levin,* 2024 WL 4026966, at *13 ("The ASA revives those claims that seek relief from an injury caused by conduct that constitutes a predicate sexual offense under Article 130 of the Penal Law."); *Reid v. McKelvey*, No. 22-CV-10708 (JGLC) (OTW), 2024 WL 4345585, at *4 (S.D.N.Y. Sept. 30, 2024) (ultimate injury under ASA "must be 'the result of a sexual offense"; dismissing without leave to amend claims under ASA for alleged defamation and IIED following alleged rape).

Under these standards, the private February 1997 meeting could not form the predicate for an ASA claim because no sexual criminal conduct took place at that meeting. ¶¶ 17, 72. Plaintiff, who reported the abuse to bring it out into the open, cannot now complain that Diocesan officials, investigated the claims, requested that he "recount in detail the sexual abuse he had suffered," and confront his alleged abusers, ¶ 73, because the meeting itself involved no sexual misconduct, as required under Article 130 of the Penal Law. *Levin,* 2024 WL 4026966, at *13; *Reid v. McKelvey*, 2024 WL 4345585, at *4.

Assuming *arguendo* that the IIED claims is timely, the IIED claim also fails to satisfy the "rigorous" requirement of demonstrating "extreme and outrageous conduct" sufficient to survive a motion to dismiss. *Turley*, 774 F.3d at 158; *Blanco*, 722 F. Supp. 3d at 216. The factual allegation that Plaintiff was called into a single meeting, months after the sexual abuse ended and after plaintiff reported the abuse, to confront his accused perpetrators does not rise to the level of conduct so extreme and outrageous as to be utterly intolerable in a civilized society as required to

satisfy the "rigorous" standard of extreme and outrageous conduct for an IIED claim under New York law. *Martin*, 762 F.2d at 220. Therefore, the IIED claim (Count VII) should be dismissed.

### E. The Amended Complaint Fails To Plead Particularized Facts Establishing The Existence of A Fiduciary Duty Owed to Plaintiff.

Finally, Count IX alleges that the Parishes breached their fiduciary duties to plaintiff by permitting Fr. Cunningham to sexually abuse plaintiff. In New York, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Litvinoff v. Wright*, 150 A.D.3d 714, 715 (2d Dept. 2017) (citations omitted). *See also Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Lynch v. Nat'l Prescription Adm'rs, Inc.*, 795 F. App'x 68, 69 (2d Cir. 2020) (internal quotation marks omitted); *see also WIT Holding Corp. v. Klein*, 282 A.D.2d 527, 529 (2d Dept. 2001) ("A fiduciary relationship may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge").

Claims for breach of fiduciary duty are subject to the heightened particularity requirement of Fed. R. Civ. P.9(b). *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014) ("[i]n asserting claims of fraud – including claims for aiding and abetting fraud or *a breach of fiduciary duty* that involves fraud – a complaint is required to plead the circumstances that allegedly constitute fraud with particularity.") (emphasis added); *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 376-77 (E.D.N.Y. 2018). State courts in New York apply the identical principle as Fed. R. C. P. 9(b) for the pleading of breach of claims for breach of fiduciary duty under the equivalent CPLR 3016(b). *See*, *e.g.*, *Benjamin v. Yeroushalmi*, 178 A.D.3d 650, 654 (2d Dept. 2019) (dismissing claim for

breach of fiduciary duty which "contained only bare and conclusory allegations, without any supporting detail"); *Litvinoff*, 150 A.D.3d at 715. Here, the Amended Complaint provides no detail, as it must, as to how it was that a fiduciary relationship with the Parishes was created or how it was that the Parishes breached that duty. Accordingly, Fed. R. C. P. 9(b) applies to the Amended Complaint's claim for breach of fiduciary duty.

No fiduciary relationship can arise out of plaintiff's participation in the Parishes, as the Amended Complaint never alleges that plaintiff was a parishioner of, or participated in the parish activities of Good Shepherd Parish. Nor could any fiduciary duty arise as to St. Raphael Parish, where plaintiff was a parishioner who participated in parish activities. Under applicable New York law, mere "sponsorship of religious and educational programs for its minor parishioners … [is] not, in itself, sufficient to create a fiduciary relationship with plaintiff." *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 799, 800 (3d Dept. 2005) (citations omitted). Here, all of the alleged misconduct occurred on a single occasion at Good Shepherd Parish, and no activity, innocent or nefarious, is alleged by Fr. Cunningham at St. Raphael Parish. The Amended Complaint does not even allege that Fr. Cunningham was ever assigned to St. Raphael Parish or ever stepped foot on its premises.

In addition, no fiduciary duty arose from plaintiff's prior part-time employment at St. Raphael Parish, particularly as all of the alleged misconduct in this action was committed by Fr. Cunningham at a separate parish, Good Shepherd Parish, located in a different county. Furthermore, no fiduciary duty arises out of employment alone. *See Rather v. CBS Corp*., 68 A.D.3d 49, 55 (1st Dept. 2009) ("The law in this Department, and indeed enunciated in every reported appellate-division-level case, is that employment relationships do not create fiduciary relationships. Simply put, '[the employer] did not owe plaintiff, as employee, a fiduciary duty.'")

(citations omitted). *See also Daniels v. Am. Airlines*, No. 19-CV-03110 (MKB), 2020 WL 9816000, at *24 (E.D.N.Y. Sept. 4, 2020) ("it is well established that employers do not owe their employees any fiduciary duty simply by virtue of the employment relationship.") (citations and internal quotations omitted).

In any event, the breach of fiduciary duty cause of action must also be dismissed as duplicative of the negligence claim, to the extent it survives, as the negligence claim (Count IV) also expressly states that the Parishes owed a fiduciary duty to plaintiff. ¶ 116. *Attallah v. Milbank, Tweed, Hadley & McCloy, LLP*, 168 A.D.3d 1026, 1029 (2d Dept. 2019) ("Contrary to plaintiff's further contention, the cause of action alleging breach of fiduciary duty was properly dismissed as duplicative of the cause of action alleging legal malpractice, as it arose from the same facts and does not allege distinct damages.") (citations omitted).

In sum, the Amended Complaint fails to allege with particularity, as it must, the creation or existence of a fiduciary relationship between this plaintiff or either Parish. As such, the breach of fiduciary duty claim must be dismissed. *See*, *e.g.*, *J. D. v. Roman Cath. Diocese of Brooklyn*, 203 A.D.3d 880, 882 (2d Dept. 2022) (reversing failure to dismiss breach of fiduciary duty claim in Child Victims Act case where neutral facts alleged failed to establish existence of fiduciary duty to the particular plaintiff).

## Conclusion

For the reasons demonstrated herein, the Amended Complaint must be dismissed.

Dated: Bethpage, New York
       February 3, 2025

SCAHILL LAW GROUP P.C.

By: _____
    Francis J. Scahill (FJS-9392)
    James G. Flynn (JGF-5929)
    1065 Stewart Avenue, Suite 210
    Bethpage, New York 11714
    (516) 294-5200
    Claim No. ASA-0001

*Attorneys for Defendants*
*St. Raphael's Roman Catholic Church*
*s/h/a St. Raphael Catholic Parish and*
*The Roman Catholic Church of the Good Shepherd,*
*in Brooklyn s/h/a Good Shepherd Parish*

## WORD COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that The Parish Defendants' Memorandum of Law In Support of The Motion to Dismiss The Amended Complaint contains **5,180** words, excluding the caption, table of contents, table of authorities, and signature block. This certification was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

Dated: Bethpage, New York
      February 3, 2025

<div style="margin-left:2em">

SCAHILL LAW GROUP P.C.

By: _____
    Francis J. Scahill (FJS-9392)
    James G. Flynn (JGF-5929)
1065 Stewart Avenue, Suite 210
Bethpage, New York 11714
(516) 294-5200
Claim No. ASA-0001

*Attorneys for Defendants*
*St. Raphael's Roman Catholic Church*
*s/h/a St. Raphael Catholic Parish and*
*The Roman Catholic Church of the Good Shepherd,*
*in Brooklyn s/h/a Good Shepherd Parish*

</div>