MOSKOWITZ COLSON
GINSBERG SCHULMAN

Moskowitz Colson
Ginsberg Schulman LLP
One Battery Park Plaza
31st Floor
New York, NY 10004

(212) 257-6455
www.mcgsllp.com

April 28, 2026

Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Lynch v. Roman Catholic Diocese of Brooklyn, et al.*
23-cv-4800 (NRM)(LKE)

Dear Magistrate Judge Eshkenazi:

We represent Plaintiff Robert P. Lynch and respectfully seek a protective order under Fed. R. Civ. P. 26(c) staying and precluding defendant Cunningham's subpoena to depose Mr. Lynch's wife (the "Subpoena," attached hereto as Exhibit 1). In the alternative, plaintiff respectfully requests that Cunningham be required to make a specific proffer of nonprivileged, relevant topics before any such deposition proceeds. This application asks the Court to supervise and limit harassing, intrusive and disproportionate discovery.

The deposition is noticed for May 8, 2026, in Florida. Cunningham's counsel provided approximately two weeks' notice, without consulting plaintiff's counsel. This is not an isolated issue. In the last month, Cunningham's counsel has noticed four nonparty depositions without consulting plaintiff's counsel about any of the dates or locations, including depositions in Nassau County, Staten Island and now Florida, all on short notice. At the same time, Cunningham's counsel has repeatedly indicated that he would object to any extension of the discovery schedule. Plaintiff should not be forced either to proceed with improper discovery on an artificially compressed schedule or to seek relief under emergency conditions created by unilateral scheduling.

The subpoena to Mrs. Lynch should be viewed in context. Most recently, Cunningham's counsel deposed Mr. Lynch's former college girlfriend, whom Mr. Lynch dated for three years beginning in or about September 1997, and with whom he has had no contact for approximately 26 years. The apparent point of that deposition was to establish that Mr. Lynch did not disclose the abuse that had predated their relationship. But delayed disclosure, nondisclosure and selective disclosure are common features of childhood sexual abuse cases; the fact that Mr. Lynch did not disclose abuse to a college girlfriend is neither surprising nor a meaningful basis to pursue still further discovery into his intimate relationships.

Throughout this litigation, Cunningham's counsel has made derogatory references to Mr. Lynch's vacation travel to the Dominican Republic, alleging without legitimate basis that those trips were taken for immoral or unlawful purposes. He has sought discovery related to Mr. Lynch's passport and travel history, and has impugned the circumstances of Mr. Lynch's marriage. Against that backdrop, the subpoena to depose Mrs. Lynch appears designed to pursue embarrassing and prejudicial personal themes, rather than proportional discovery relevant to the claims or defenses.

Upon receipt of the subpoena on Friday, April 24, plaintiff's counsel requested that Cunningham's counsel withdraw the subpoena and offered to meet and confer immediately. The parties met and conferred on April 27, 2026, but were unable to resolve the dispute. Plaintiff therefore seeks immediate Court intervention.

The meet-and-confer on April 27 confirmed plaintiff's concern. Although Cunningham's counsel initially suggested that any deposition of Mrs. Lynch might be limited to whether Mr. Lynch had difficulty with intimacy, counsel then identified IAB materials concerning alleged sexual misconduct by Mr. Lynch and stated that he intended to ask Mrs. Lynch what she knew about those allegations. Plaintiff does not understand Mrs. Lynch to have personal knowledge of those matters. Thus, the proposed deposition risks becoming a vehicle to expose a nonparty spouse to inflammatory and embarrassing allegations, rather than a focused inquiry into relevant, nonprivileged damages evidence.

Rule 26(c) authorizes the Court, for good cause, to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." The rule protects privacy interests and permits tailored relief, including that discovery proceed only on specified terms and conditions. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 36 (1984); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002).

The party seeking protection must show good cause through specific examples and articulated reasoning, and courts balance the discovering party's need for the information against countervailing privacy and burden interests. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *Schiller v. City of New York*, No. 04 Civ. 7922 (KMK)(JCF), 2007 WL 136149, at *5 (S.D.N.Y. Jan. 17, 2007); *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).

Courts have applied these principles to protect against intrusive discovery into spouses, intimate partners and romantic relationships where the discovery appears calculated to harass or embarrass, or where its relevance is speculative. In *McCarthy v. Sarroff*, the court quashed a subpoena served on a defendant's wife after finding the stated justification speculative and the subpoena designed to harass and embarrass the defendant and his wife. 2003 WL 21145573, at *1 (S.D.N.Y. May 16, 2003). In *Margiotta v. City of Gloversville*, the court recognized that discovery directed at a party's girlfriend was highly likely to disclose personal matters and that the resulting embarrassment and annoyance could constitute good cause for protection. 2008 WL 11505863, at *3 (N.D.N.Y. Aug. 11, 2008). And in *Hughes v. Twenty-First Century Fox, Inc.*, the court quashed subpoenas seeking information about a party's romantic relationships, emphasizing the privacy interest in sexual history and the risk that such discovery would distract from the real issues in the case. 327 F.R.D. 55, 58 (S.D.N.Y. 2018). See also *Quinio v. Aala*, 2022 WL 21125, at *12 (E.D.N.Y. Jan. 3, 2022) (upholding protective order where there was no evident good-faith basis to depose a family member and the proposed deposition appeared intended to harass).

After deposing Mr. Lynch's long-ago girlfriend in an apparent effort to establish that he did not disclose childhood sexual abuse to her, Cunningham's counsel now seeks to depose Mr. Lynch's wife after making derogatory comments about Mr. Lynch's alleged sexual conduct and marriage. Although defendants may test plaintiff's claimed damages through proper discovery, that does not justify a free-ranging deposition into intimate marital and personal matters. This sequence provides the specific, concrete basis required by Rule 26(c): the subpoena threatens intrusion into intimate marital and personal matters, embarrassment, undue burden and disproportionate discovery.

Plaintiff recognizes that defendants are entitled to conduct fair discovery into claimed damages, including emotional distress, loss of enjoyment of life, mental anguish and the ways in which the abuse affected Mr. Lynch's relationships and functioning. But those damages claims do not give Cunningham's counsel license to pursue unlimited discovery into Mr. Lynch's marriage, sexual history or confidential marital communications, particularly against the backdrop described above. If Cunningham's counsel contends that Mrs. Lynch has unique, nonprivileged testimony concerning specific symptoms or damages issues, he should be required to identify those topics with precision before any deposition proceeds.

That concern is reinforced by the broad wording of the subpoena, which states that Mrs. Lynch will be deposed on "your relationship and experiences with Plaintiff Robert Lynch." That broad formulation, combined with counsel's stated intent to question her about IAB materials concerning alleged sexual misconduct, raises obvious privilege, scope and proportionality concerns, including the risk of inquiry into confidential marital communications and highly prejudicial personal matters unrelated to any legitimate damages issue.

Accordingly, plaintiff respectfully requests that the Court: (1) stay Mrs. Lynch's deposition pending resolution of this application; (2) preclude the deposition, or, in the alternative, require Cunningham's counsel to make a specific proffer of nonprivileged, relevant topics before any deposition proceeds; (3) if a deposition is permitted, limit it to nonprivileged observations concerning Mr. Lynch's claimed symptoms and functioning; (4) prohibit inquiry into confidential marital communications and intimate/private matters unrelated to the claims and defenses; and (5) direct Cunningham's counsel to confer with plaintiff's counsel before noticing nonparty depositions.

Thank you for your attention to this matter.

Respectfully submitted,
Moskowitz Colson Ginsberg & Schulman

By:______________________

Eylan Schulman
Peter R. Ginsberg
Christopher Neff

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| ROBERT P. LYNCH<br>*Plaintiff*<br>v.<br>ROMAN CATHOLIC DIOCESE OF BROOKLYN, ST. RAPHAEL CATHOLIC PARISH, GOOD SHEPHERD PARISH, and FATHER JAMES K. CUNNINGHAM,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 23-cv-4800 (NRM) (LKE) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: SOLANYI PUELLO-LYNCH, 14951 Royal Oaks Lane, Apt 601, North Miami, FL 33301

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: your relationship and experiences with Plaintiff Robert Lynch.

| Place: Veritext Legal Solutions, One Biscayne Tower, 2 S. Biscayne Blvd Suite 2030, Miami, FL 33131 | Date and Time: 05/08/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographer and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/22/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Father James K. Cunningham, who issues or requests this subpoena, are:
Ronald E. Joseph and Matthew J. Choi, Landman Corsi Ballaine & Ford P.C., 120 Broadway, 13th Fl, New York, NY 10271, rjoseph@lcbf.com and mchoi@lcbf.com, (212) 238-4825 and (212) 238-4869.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-4800 (NRM) (LKE)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).