UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT P. LYNCH,<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC DIOCESE OF BROOKLYN, ST. RAPHAEL CATHOLIC PARISH, and FATHER JAMES I. FROST,<br><br>Defendants. | Case No.: 23-CV-08687-NRM-LKE |

**THE BROOKLYN DIOCESE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST NOTICE TO PRODUCE**

Pursuant to Federal Rule of Civil Procedure 34, defendant The Roman Catholic Diocese of Brooklyn, New York (the "Brooklyn Diocese") by and through its attorneys, hereby provides the following objections and responses to Plaintiff's First Notice to Produce (the "Requests"). The responses set forth below are based upon information presently available to the Brooklyn Diocese. The Brooklyn Diocese reserves its right to supplement, amend, or correct these responses in light of information later obtained through discovery or otherwise.

## GENERAL OBJECTIONS

In addition to the objections set forth separately in each of the responses below, the Brooklyn Diocese's responses to the Requests are subject to the following General Statements and Reservations of Rights ("General Objections") to which reference is hereby made with respect to each such response, whether or not specifically referred to therein. Thus, the absence of a reference to a general objection in response to a specific Document Request shall not be construed as a waiver of these General Objections.

1. By providing the requested documents, the Brooklyn Diocese does not waive its objections to their admission into evidence on the grounds of relevance, materiality or on any other proper grounds for objection, nor does it submit to any instructions or definitions listed at the beginning of the Document Requests, except as to those instructions and definitions specifically conforming to the requirements of the controlling rules and the applicable case law developed thereunder.

2. The Brooklyn Diocese objects to the Document Requests to the extent they contain characterizations, conclusions, assumptions and/or statements of fact which are objectionable, or to any questions which include assumptions, conclusions, speculation and/or statements of fact which have not been established. The Brooklyn Diocese's responses to the Document Requests should not be interpreted as conceding the accuracy of any assumption, conclusion, speculation, or statement. Instead, they represent the Brooklyn Diocese's good faith effort to comply with its discovery obligations.

3. The Brooklyn Diocese objects to each of the Document Requests to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine, or any other applicable privilege, doctrine, or protection against disclosure. The Brooklyn Diocese does not waive any privilege, doctrine, or protection by responding to any of the Document Requests.

4. The Brooklyn Diocese objects to each Document Request to the extent it calls for the disclosure of confidential and/or proprietary information or to the extent it calls for the disclosure of information which would result in an invasion of the legitimate privacy interests of individuals and entities about whom such information is requested.

5. The Brooklyn Diocese objects to each of the Document Requests to the extent it seeks information that is not relevant to the issues in this litigation or is not reasonably calculated to lead to the discovery of relevant or admissible information.

6. The Brooklyn Diocese objects to each of the Document Requests to the extent it is unreasonably vague, broad, repetitious, unduly burdensome or purports to require the disclosure of information beyond the scope of discovery under the controlling rules.

7. The Brooklyn Diocese's objections and responses to the Document Requests are based on information available to the Brooklyn Diocese. The Brooklyn Diocese reserves its right to amend, modify or supplement any objections and responses if it obtains additional responsive information.

8. All specific objections and responses which are made by the Brooklyn Diocese expressly incorporate the foregoing and are provided subject to and without waiving any of the foregoing.

9. The Brooklyn Diocese objects to the Definitions and Instructions set forth in the Document Requests to the extent they purport to impose obligations on the Brooklyn Diocese that exceed the requirements and obligations of the Federal Rules of Civil Procedure and applicable case law.

10. The Brooklyn Diocese objects to the Document Requests to the extent that they seek the production of documents or information not within the knowledge, possession, custody, or control of the Brooklyn Diocese.

11. The Brooklyn Diocese objects to the Document Requests as overly broad and unduly burdensome to the extent they fail to specify a reasonable time period.

12. The Brooklyn Diocese objects to the Document Requests to the extent they seek electronically stored information ("ESI") that is not reasonably accessible or stored on active computer systems. Unless otherwise agreed, the Brooklyn Diocese's responses and productions shall be limited to responsive ESI that may be located upon searching reasonably accessible and active computer systems.

13. The Brooklyn Diocese objects to the Instructions and Definitions to the extent they purport to require the Brooklyn Diocese to produce documents that are in the possession, custody, or control of third parties.

14. The Brooklyn Diocese objects to the Instructions and Definitions to the extent they purport to require the Brooklyn Diocese to identify the source of each document.

## RESPONSES AND OBJECTIONS

**Request for Production No. 1:**

All documents or communications concerning any allegation(s) of sexual abuse, sexual misconduct, inappropriate touching, or unwelcome or otherwise inappropriate sexual or romantic conduct by Defendant Frost, without regard to whether such allegation was formal or informal, founded or unfounded.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information concerning Father Frost would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 2</u>:**

All documents or communications concerning the detention, arrest or prosecution of Defendant Frost by any law enforcement authority.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession concerning this Request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 3</u>:**

All photographs, film/video/digital media, audiotapes, or any other type of recordable media, including transcripts or memoranda thereof, in the possession, custody and/or control of Defendant or its representatives recording or otherwise memorializing:

a. any of the abuse which is alleged in the Complaint;

b. any sexual misconduct or sexual abuse by Defendant Frost;

c. the location(s) identified by Plaintiff in the Complaint where it is claimed the sexual abuse as alleged in the Complaint occurred as such location existed at the time of the alleged abuse;

d. the alleged abuse; and/or,

e. Defendant Frost at the time of the alleged abuse.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information concerning Father Frost would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 4:**

All personnel files of Defendant Frost.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-

product doctrine or other applicable privilege, doctrine, or protection against disclosure. The Brooklyn Diocese also objects to this request as vague and ambiguous because Father Frost does not have a personnel file.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 5:**

All records related to counseling, treatment, or guidance sought by Defendant Frost.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession concerning this Request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 6</u>:**

All records pertaining to any transfer or reassignment of Defendant Frost between parishes and/or schools and the reasons underlying such changes of assignment.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession concerning this Request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 7</u>:**

Documents and records sufficient to demonstrate the name, nature, and location of all parishes or other facilities, however denominated, at which Defendant Frost was assigned, employed, housed, or educated by any entity affiliated in any manner with the Catholic Church and the dates and duration of Defendant Frost's association with such facility.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession concerning this Request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 8:**

All "confidential," "secret," or "perversion," files related to Defendant Frost – including the "secret" file discussed by Monsignor Otto Garcia at his examination before trial on February 27, 2024.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this request as vague and ambiguous. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such files relating to Father Frost would be contained in Father Frost's clergy file, and the Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 9:**

Defendant Frost's application or similar proposal or request to work for or serve any Defendant(s) or to provide work or service on any Defendant's behalf.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving this objection and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession responsive to this request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 10</u>:**

Defendant Frost's resume, references, qualifications, or similar information.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving this objection and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession responsive to this request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 11:**

Any records of salary, stipend, and/or living expenses provided to Defendant Frost by the entity Defendants or any other entity affiliated with the Catholic Church from the beginning of time until the present.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving this objection and subject thereto, the Brooklyn Diocese responds to this request by stating that it will conduct a reasonable search for any responsive documents in its possession, custody, or control.

**Request for Production No. 12:**

Any operating agreement, staffing agreement, employment agreement, or similar document that governed the work or services that Defendant Frost provided to any Defendant(s) and/or any third party that any Defendant asserts or alleges is responsible for any of the sexual abuse alleged by Plaintiff in the Complaint.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving this objection and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's

possession responsive to this request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 13:**

To the extent a background check was conducted of Defendant Frost, please provide:

a. All records documenting the background check including the background check results and date(s) the background check was performed;

b. The name of the person or entity that performed the background check;

c. The name(s), address(es) and phone number(s) of any references that were allegedly checked.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession concerning this Request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**<u>Request for Production No. 14</u>:**

All documents related to Plaintiff, including:

a. Any file(s) any Defendant maintained on Plaintiff;

b. Any handbook, contract, agreement, manual, or similar document that governed the relationship between Plaintiff and any Defendant(s) and/or any third party that any Defendant asserts or alleges is responsible for any of the sexual abuse alleged by Plaintiff in the Complaint; and/or

c. Any and all educational records associated with Plaintiff.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese as the Request refers to agreements with "third parties."

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it will conduct a reasonable search for any documents responsive to this request in its possession, custody, or control, and will produce any non-privileged documents located following that search.

**<u>Request for Production No. 15</u>:**

All documents related to Plaintiff's biological family, foster family and/or adopted family including:

a. Any file(s) on Plaintiff's biological family, foster family and/or adopted family;

b. Any handbook, contract, agreement, manual, or similar document that governed the relationship between any Defendant and Plaintiff's biological family, foster family or adopted family;

c. Any handbook, contract, agreement, manual, or similar document that described the service(s) that any Defendant provided to Plaintiff's family or purported to provide to Plaintiff's biological family, foster family and/or adopted family; and/or

d. All documents concerning the employment of any member of Plaintiff's family by any entity affiliated with the Catholic Church.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it will conduct a reasonable search for any documents responsive to this request in its possession, custody, or control, and will produce any non-privileged documents located following that search.

**<u>Request for Production No. 16</u>:**

All written statements, tape recordings, videotapes or any transcripts or notes thereof, made by or on behalf of Plaintiff by any person, regarding the allegations set forth in the Complaint.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request because the phrase "allegations set forth in the Complaint" is vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient, the priest-penitent, attorney-client privilege, attorney work-product doctrine, or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it will conduct a reasonable search for any documents responsive to this request in its possession, custody, or control, and will produce any non-privileged documents located following that search.

**<u>Request for Production No. 17</u>:**

Any and all photographs, moving pictures and audio tapes, including transcripts or memoranda thereof, taken of Plaintiff or of his family members, including but not limited to surveillance films and photographs.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this request as vague and ambiguous. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it will conduct a reasonable search for any documents responsive to this request in its possession, custody, or control, and will produce any non-privileged documents located following that search.

**<u>Request for Production No. 18</u>:**

All documents related to any surveillance or observation of Plaintiff or his family members, including without limitation time sheets of the investigators denoting hours spent conducting surveillance and editing the video surveillance video tapes, films or DVDs, billing invoices and proof of payment.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this request as vague and ambiguous. The Brooklyn Diocese also objects to this Request to the extent

it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it is not aware of any documents responsive to this request.

**Request for Production No. 19:**

All correspondence, investigators' field notes, computer log sheets and phone records denoting the times and places that surveillance of Plaintiff or his family members was conducted.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case. The Brooklyn Diocese further objects to this request as vague and ambiguous. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that it is not aware of any documents responsive to this request.

**Request for Production No. 20:**

All documents not produced in response to the foregoing demands which concern or relate to inappropriate sexual or romantic conduct by Defendant Frost or to any complaint or allegation, however denominated, that Defendant Frost engaged in inappropriate sexual or romantic conduct.

**Response:**

The Brooklyn Diocese objects to this request as vague and ambiguous. The Brooklyn Diocese further objects to this request as duplicative of other requests. The Brooklyn Diocese also objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information in the Brooklyn Diocese's possession responsive to this request would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 21:**

All documents related to any personal injury lawsuit, demand or claim ever filed against any Defendant and/or any personal injury claim brought against any person, individual or corporation lodged with any insurance provider or agency relating to inappropriate sexual or romantic conduct by Defendant Frost, including but not limited to:

a. Any diocesan or religious order Independent Reconciliation and Compensation Program or similar program; and,

b. Any civil lawsuit(s).

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-

patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

**Request for Production No. 22:**

All documents that reflect or concern:

a. Any limitations that were imposed on the duties of Defendant Frost, including, but not limited to, being transferred to another assignment or work site or being restricted in any way from interacting with minors or others;

b. Any probation, transfer, suspension, or removal of Defendant Frost from any role or position with the entity Defendants or any other entity affiliated in any manner with the Catholic Church;

c. Copies of all documents related to any investigation or analysis concerning any allegation or complaint that Defendant Frost may have committed sexual abuse or otherwise behaved inappropriately toward any minor(s).

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that any such information concerning Father Frost would be contained in Father Frost's clergy file. The Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 23:**

All documents in existence at the time of the alleged abuse setting forth any of the responding Defendant's policies, procedures, protocols, guidelines, rules and/or regulations concerning protection of individuals (minors and others) from sexual abuse, the reporting of sexual abuse, and the protocols for receiving allegations of sexual abuse and investigating such complaints.

**Response:**

The Brooklyn Diocese objects to this request as vague and ambiguous to the extent that the phrase "protection of individuals" is undefined and thus subject to varying definitions and interpretations. The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks each Defendant's policies, procedures, protocols, guidelines, rules and/or regulations and therefore inherently seeks documents not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure.

Notwithstanding and without waiving this objection and subject thereto, the Brooklyn Diocese responds to this request by stating that it will produce documents responsive to this request.

**Request for Production No. 24:**

Any handbook, contract, agreement, manual, or similar document that governed the relationship between any Defendant(s), any other Defendant(s), and/or any third party that any Defendant asserts or alleges is responsible for any of the alleged abuse.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese, as the Request refers to agreements with "third parties." The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure. The Brooklyn Diocese also objects to this request as duplicative of other requests.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

**<u>Request for Production No. 25</u>:**

Any handbook, contract, agreement, manual, or similar document that governed the relationship between Defendant Frost and any Defendant and/or any third party that any Defendant asserts or alleges is responsible for any of the alleged abuse.

**<u>Response</u>:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese as the Request refers to agreements with "third parties." The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure. The Brooklyn Diocese also objects to this request as duplicative of other requests.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

**Request for Production No. 26:**

Any handbook, contract, agreement, manual, or similar document that described the service(s) that any Defendant provided to Plaintiff or purported to provide to Plaintiff.

**Response:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese further objects to this request as duplicative of other requests.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

**Request for Production No. 27:**

Any handbook, contract, agreement, manual, or similar document that described the service(s) that Defendant Frost provided to any Defendant(s) or purported to provide to any Defendant(s).

**Response:**

The Brooklyn Diocese objects to this Request as vague and ambiguous. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese. The Brooklyn Diocese further objects to this request as duplicative of other requests.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

**Request for Production No. 28:**

All rosters, employee lists, yearbooks, directories, bulletins and similar documents that reflect the name of each person who worked at, volunteered at, or was employed by any answering Defendant at a location where Defendant Frost was assigned during the time period in which Defendant Frost was assigned to such location.

**Response:**

The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this request by stating that Father Frost's assignment history is reflected and included in his clergy file, and the Brooklyn Diocese will produce Father Frost's clergy file subject to all applicable privilege redactions.

**Request for Production No. 29:**

All articles of incorporation, bylaws, operating agreements, and similar documents regarding any current or prior corporation or other legal entity that owned any Defendant.

**Response:**

The Brooklyn Diocese objects to this request as vague and ambiguous because it refers to third parties that purportedly own "any Defendant." The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims and defenses in the action nor proportional to the needs of the case.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it is a corporation formed pursuant to the Religious Corporations Law of the State of New York and will produce its certificate of incorporation.

**Request for Production No. 30:**

All agendas and meeting minutes regarding Defendant Frost.

**Response:**

The Brooklyn Diocese objects to this request as vague and ambiguous. The Brooklyn Diocese objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the action, not proportional to the needs of the case, and not reasonably limited in temporal scope. The Brooklyn Diocese further objects to this Request to the extent it seeks documents protected from disclosure by the psychologist-patient privilege, the priest-penitent privilege, the attorney-client privilege, attorney work-product doctrine or other applicable privilege, doctrine, or protection against disclosure. The Brooklyn Diocese further objects to this Request to the extent that it seeks information not in the possession, custody, or control of the Brooklyn Diocese.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

**Request for Production No. 31:**

Documents sufficient to establish:

a. the ownership of the property where the alleged abuse occurred at the time of the alleged abuse; and

b. the party responsible for the management or operation of the property where the alleged abuse occurred at the time of the alleged abuse.

**<u>Response</u>:**

The Brooklyn Diocese objects to this request as vague and ambiguous to the extent that the phrase “where the alleged abuse occurred at the time of the alleged abuse” is undefined and is thus subject to varying definitions and interpretations. The Brooklyn Diocese also objects to this request as vague and ambiguous to the extent that the phrase “party responsible for the management or operation of the property where the alleged abuse occurred at the time of the alleged abuse” is undefined and is thus subject to varying definitions and interpretations.

Notwithstanding and without waiving these objections and subject thereto, the Brooklyn Diocese responds to this Request by stating that it will consider a revised demand tailored to address the objections set forth herein.

Dated: New York, New York
July 30, 2024

KELLEY DRYE & WARREN LLP

By: ______________________________

Michael C. Lynch
Randall L. Morrison, Jr.

3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
mlynch@kelleydrye.com
rmorrison@kelleydrye.com

*Attorneys for Defendant*
*The Brooklyn Diocese*